UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SCOTT JOHNSON DECEASED, etc., et al., | No. 2:19-cv-1722 JAM DB |
| Plaintiffs, | |
| | ORDER |
| v. | |
| CITY OF REDDING, et al., | |
| Defendants. | |

On October 9, 2020, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's motion to compel. (ECF No. 27.) Attorney Teresa Allen appeared via Zoom on behalf of plaintiffs and attorney Cameren Ripoli appeared via Zoom on behalf of defendants. Oral argument was heard and plaintiffs' motion was taken under submission.

This action concerns claims alleged pursuant to 42 U.S.C. § 1983 and California law against the City of Redding, City of Redding Police officers, Shasta County Sheriff's deputies, and Shasta County Jail staff stemming from decedent Randall Scott Johnson's arrest on August 14, 2018, and subsequent suicide on August 16, 2018, while incarcerated at the Shasta County Jail. (Compl. (ECF No. 1) at 9-26.) Plaintiffs seeks to compel responses to plaintiffs' Request for Production Number 7 which seeks hiring and background investigation records for defendant

1

Redding Police Officer Darren Hull and defendant Redding Police Officer Trevor Kuyper. (JS (ECF No. 27) at 8.)

Specifically, plaintiffs have requested the "complete documentation of any investigation into each INVOLVED OFFICER'S background and fitness to be a law enforcement officer, if such officer was hired within the five years preceding the INCIDENT." (Id.) Defendants have agreed to produce "relevant personnel records of the named individual defendant officers (HULL and KUYPER) after redaction" but refuse to produce "the background files of the officers" asserting that the information sought is not calculated to lead to the discovery of relevant information, and that the information is "privileged and confidential . . . under the U.S. and California constitutions," and "per California statutes[.]" (Id.)

Where, as here, the complaint asserts "federal question claims and pendent state law claims . . . the federal law of privilege applies." Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005); see also Brooks v. County of San Joaquin, 275 F.R.D. 528, 530 (E.D. Cal. 2011) ("Federal law applies to privilege based discovery disputes involving federal claims, even if allied with by pendent state law claims."); Soto v. City of Concord, 162 F.R.D. 603, 609 (N.D. Cal. 1995) ("California statutory privileges would not apply in this case and that privileges would be determined under federal common law.").

"Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." Soto, 162 F.R.D. at 616; see also Breed v. United States District Court for the Northern District of California, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992), cert. den., 507 U.S. 910 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants). "Resolution of a privacy objection or request for protective order requires a balancing of the need for the particular information against the privacy right asserted." Dowell v. Griffin, 275 F.R.D. 613, 617 (S.D. Cal. 2011).

Here, as articulated by plaintiffs, the defendant officers' background information that was known to defendant City of Redding when it hired the officers is relevant to plaintiffs' claims.

(JS (ECF No. 27) at 9.) "Such information 'may be relevant on the issues of credibility, notice to the employer, ratification by the employer and motive of the officers . . . as well as on the issue of punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent.'" Soto, 162 F.R.D. at 614-15 (quoting Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993)); see also City of Canton, Ohio v. Harris, 489 U.S. 378, 392 (1989) (City's "deliberate indifference to the constitutional rights of its inhabitants" can give rise to Monell claim); Edwards v. City of Vallejo, No. 2:18-cv-2434 MCE AC, 2019 WL 3564168, at *2 (E.D. Cal. Aug. 6, 2019) ("The court concludes that Bottomley's hiring and background investigation records are relevant in this case.  These records are particularly relevant to plaintiff's claims against the City, as they could lead to discovery of information regarding the City's pre-hire knowledge of Bottomley's fitness to serve.").

Moreover, defendants have failed to articulate why the stipulated protective order governing this action fails to adequately address any privacy concerns.  (ECF No. 18.)  Or why a protective order specifically tailored to the discovery at issue could not address such concerns.  Accordingly, plaintiffs' motion to compel will be granted.  See T.D.P. v. City of Oakland, Case No. 16-cv-4132 LB, 2017 WL 3026925, at *3 (N.D. Cal. July 17, 2017) ("Material concerning the 'hiring' or 'appointment' of the defendants must be produced."); Kaur v. City of Lodi, No. 2:14-cv-0828 GEB AC PS, 2015 WL 1240842, at *4 (E.D. Cal. Mar. 16, 2015) ("However, the court cannot categorically conclude that Bratton's prior employment as a police officer is so remote or unrelated that it should be shielded from discovery in this case of alleged police misconduct."); Duenez v. City of Manteca, No. 2:11-cv-1820 LKK AC, 2013 WL 684654, at *6 (E.D. Cal. Feb. 22, 2013) (ordering production of officer's job application and job history).

At the October 9, 2020 hearing counsel for defendants asked that the undersigned conduct a "record by record" analysis of the documents to be produced asserting that other courts have conducted such an analysis when ordering the production of these types of documents.  Defense counsel, however, failed to articulate such an argument in the Joint Statement with any specificity.  Instead, defendants simply identify the documents at issue as "pre-employment investigation materials[.]"  (JS (ECF No. 27) at 14.)  If defendants believed that certain

documents should have been excluded from production based on the nature of those documents that argument should have been specifically addressed and supported in the Joint Statement. In this regard, in the absence of defendants engaging in a "record by record" analysis the undersigned is in no position to conduct such an analysis—particularly where there are "300+ pages" of documents at issue. (Id. at 7.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 15, 2020 motion to compel (ECF No. 27) is granted;

2. Defendants shall produce responsive discovery within twenty-one days; and

3. Defendants' production shall be subject to the stipulated protective order entered in this action.

Dated: October 12, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/johnson0907.oah.1009

4