UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SCOTT JOHNSON DECEASED, etc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF REDDING, et al., <br><br> Defendants. | No. 2:19-cv-1722 JAM DB <br><br> ORDER |

On December 7, 2021, plaintiffs filed a motion to exclude defendants' rebuttal expert and noticed the motion for hearing before the undersigned on January 7, 2022, pursuant to Local Rule 302(c)(1). (ECF No. 72.) Thereafter, defendants filed an opposition and plaintiffs filed a reply. (ECF Nos. 78 & 82.) However, pursuant to Local Rule 251 motions related to discovery shall consist of a brief notice of motion and motion "scheduling the hearing date[.]" Local Rule 251(a). "No other documents need be filed at this time." (Id.)

Pursuant to Local Rule 251(b) a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]" In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.) If, after meeting and conferring, the moving party remains dissatisfied, that party shall draft

1

and file a "Joint Statement re Discovery Disagreement." Local Rule 251(c). The failure to file a Joint Statement may result in the hearing being dropped from calendar. Local Rule 251(a).

Pursuant to the undersigned's Standard Information, "[w]ritten correspondence between the parties . . . is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b)." See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. The parties must meet and confer in person or via telephone or video conferencing prior to the filing of a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the Joint Statement. Id.

If, after attempting to meet and confer in person or via telephone or video conferencing, both prior to filing the motion and again prior to the filing of the Joint Statement, counsel for the moving party was unable, after a good faith effort, to secure the opposing party's cooperation in meeting and conferring or in preparing the Joint Statement, counsel for the moving party may file an affidavit so stating. Local Rule 251(d). The only exception to the Joint Statement requirement is where: (1) there has been a complete and total failure to respond to discovery; or (2) the discovery motion only seeks the imposition of sanctions. Local Rule 251(e).

Here, the discovery dispute does not concern a complete failure to respond. Nor does the motion only seek the imposition of sanctions. In this regard, plaintiffs seek either an order excluding defendants' rebuttal expert or leave to disclose a supplemental or rebuttal expert report. (ECF No. 72 at 9.) Moreover, in their reply plaintiffs request that if the court elects to grant plaintiffs leave to disclose such a supplemental report that plaintiffs be granted "thirty days" to do so. (ECF No. 82.) However, pursuant to the parties' stipulation "expert discovery and related motions" must be completed by January 14, 2022. (ECF No. 70 at 2.) Thus, even if so inclined the undersigned cannot grant plaintiffs' request for thirty days to file a supplemental report.

////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' December 1, 2021 motion to exclude (ECF NO. 65), re-noticed on December 7, 2021, (ECF No. 72), is denied without prejudice to renewal; and

2. The January 7, 2022 hearing of plaintiffs' motion is vacated.

Dated: January 3, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/johnson1722.no.js.ord