1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                              EASTERN DISTRICT OF CALIFORNIA

9

10   RANDALL SCOTT JOHNSON, DECEASED,        No. 2:19-cv-01722 JAM
     by and through his Successor in
11   Interest, KATHERINE JOHNSON,
     KATHERINE JOHNSON, individually,
12                                           **ORDER GRANTING PLAINTIFF'S**
                  Plaintiff,                 **MOTION TO REOPEN DISCOVERY**
13                                           **AND SCHEDULE TRIAL DATE AND**
           v.                                **RELATED DEADLINES/HEARINGS**
14
     SHASTA COUNTY, a public entity;
15   CALIFORNIA FORENSIC MEDICAL
     GROUP, INC., a California
16   Corporation, et al.,

17                Defendants.

18
           Plaintiff comes now before the Court seeking to reopen
19
     discovery.[1]  See Mot. to Modify Scheduling Order ("Mot."), ECF
20
     No. 137.  Defendants oppose the motion.  Opp'n, ECF No. 150.
21
     Plaintiff replied.  Reply, ECF No. 151.  For the reasons set
22
     forth below, the Court GRANTS Plaintiff's motion to reopen
23
     discovery.[2]
24
     _____
25   [1] Plaintiff's motion to modify scheduling order and to compel
     financial condition discovery, filed after the close of
26   discovery, shall be construed by the Court as a motion to reopen
     discovery.
27   [2] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for November 1, 2022.

                                      1

1                          I.   BACKGROUND

2          This action involves the death of Randall Johnson while

3    detained at the Shasta County Jail.   Decedent Johnson was

4    arrested for public intoxication in violation of California Penal

5    Code Section 647(f) on August 14, 2018 and he was found dead in

6    his cell not two days later.   Plaintiff alleges Defendants failed

7    to provide adequate medical care to Decedent Johnson in violation

8    of his civil rights.

9          On November 26, 2019, the Court issued a scheduling order

10   setting among others the following deadlines: 1) discovery cut-

11   off by April 23, 2021; 2) disclosure of expert witnesses due by

12   February 19, 2021; and 3) jury trial set for August 30, 2021.

13   See Pre-Trial Scheduling Order, ECF No. 16.   Following multiple

14   extensions, the Court ultimately ordered that fact discovery be

15   completed no later than January 31, 2022 (ECF No. 74), that

16   expert discovery and disclosure be completed no later than

17   July 28, 2022 (ECF No. 124), and that jury trial be set for

18   October 3, 2022 (ECF No. 91).

19         The Court vacated its jury trial date upon notice of Shasta

20   County Defendants' interlocutory appeal.   ECF No. 128.   Shasta

21   County Defendants have since then been dismissed from this suit

22   with prejudice following their settlement agreement with

23   Plaintiff.   See Order Dismissing County Defendants, ECF No. 149.

24         After the deadline for expert discovery and disclosure

25   passed, Plaintiff moved to reopen discovery and to compel the

26   remaining Defendants, including California Forensic Medical

27   Group, Inc. ("CFMG"), to supplement its financial condition

28   discovery.   Mot. at 11.   This is the matter now before the Court.

1                          II.   OPINION

2          A.   Legal Standard

3          A party may seek to modify a case management schedule upon a

4   showing of good cause and by leave of the district judge.   Fed.

5   R. Civ. P. 16(b).   The good cause standard primarily considers

6   the diligence of the party seeking the amendment.   Johnson v.

7   Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

8   The party moving for an amendment should demonstrate that the

9   deadlines set in the scheduling order have become unworkable

10  despite the party's diligent efforts to comply with the schedule

11  and that the party has been diligent in seeking amendment when an

12  extension became necessary.   Perkins v. Contra Costa County

13  Sheriff's Dep't J-Team, No. C 07-02013 CW, 2010 WL 539260, at *2

14  (N.D. Cal. Feb. 9, 2010) (citing Jackson v. Laureate, Inc., 186

15  F.R.D. 605, 608 (E.D. Cal. 1999)).

16         Courts consider the following factors when deciding whether

17  to reopen discovery: (1) whether trial is imminent; (2) whether

18  the request is opposed; (3) whether the non-moving party would be

19  prejudiced; (4) whether the moving party was diligent in

20  obtaining discovery; (5) the foreseeability of the need for

21  additional discovery in light of the time allowed for discovery

22  by the district court; and (6) the likelihood that the discovery

23  will lead to relevant evidence.   United States ex. rel. Schumer

24  v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), cert.

25  granted in part, 519 U.S. 926, vacated on other grounds, 520 U.S.

26  939 (1997).   The decision to reopen discovery rests in the sound

27  discretion of the Court.   Id.

28  ///

                                 3

1        B.   Discussion

2         The Court finds that Plaintiff has been diligent in seeking

3    amendment to the Court's scheduling order when extensions become

4    necessary.  Upon the parties' stipulations, the Court has

5    granted multiple extensions for CMFG Defendants to provide

6    financial information and produce financial condition witnesses

7    for deposition.  See Orders Granting Extensions, ECF Nos. 21,

8    58, 107, and 124.  Even after the most recent deadline, the

9    parties continued to meet and confer over financial condition

10   discovery.  Mot. at 5.  The parties also had a discovery

11   conference with Magistrate Judge Deborah Barnes on August 25,

12   2022.  Id.  It was only when the parties could not reach a

13   stipulation for further extension of time that Plaintiff filed

14   this present motion to modify the Court's scheduling order.  Id.

15   The record before the Court thus demonstrates that Plaintiff has

16   diligently pursued extensions when the need arose.

17        The Court further finds that the other factors for good

18   cause under Rule  16(b) also support reopening discovery.  For

19   one, trial is not imminent, because a new trial date has yet to

20   be set.  It follows that Defendants are unlikely to be prejudiced

21   by the reopening of discovery.  Moreover, Defendants themselves

22   have agreed to produce additional financial discovery in their

23   opposition briefing.  Opp'n at 4 (agreeing to provide (1) an

24   organizational chart of Defendant Wellpath's tax-reporting

25   entities; (2) tax returns for Wellpath LLC in 2019, 2020, and

26   2021; (3) tax returns for Wellpath Group Holdings, LLC for 2018;

27   (4) unredacted tax returns for Jessamine Healthcare, Inc. for

28   2018, 2019, and 2020; and 5) previously withheld attachments and

4

schedules to IRS Form 1120 for CCS-CMGC Intermediate Holdings 2,
Inc. for 2018, 2019, 2020, and 2021.)

As to the remaining factors, the Court finds it is
foreseeable that additional discovery would be needed following
CFMG's latest round of financial disclosures in July: Defendants
served some 304 pages of financial documents that Plaintiff
contends were so incomplete and inconsistent that "it is
impossible to determine Defendants' financial condition, as is
required for Plaintiff's punitive damages claims."  Mot. at 6,
citing Decl. of Annette Stalker, ECF No. 144.  Plaintiff also
alleges that Defendants provided incomplete financial information
from 2018 to present, including incomplete and/or redacted tax
returns for CFMG and its parent companies, Wellpath LLC and
Wellpath Management, Inc.  Mot. at 4.  It is thus likely that
reopening discovery will lead to the discovery of relevant
evidence.

> C.  <u>Request to Disclose an Expert Witness</u>

In addition to moving to reopen discovery, Plaintiff seeks
leave to disclose an expert witness on Defendants' financial
condition.  Mot. at 6.  Defendants argue that Plaintiff's request
should be denied because "it is improper for a party to use
expert testimony to assist in the awarding [of] punitive damages
since this task rests exclusively within the discretion of the
jury."  Opp'n at 6-7.  Defendants' cited authority, however, do
not bar the admittance of an expert to aid the jury in its task.
<u>See</u>, <u>e.g.</u>, <u>Pacific Mut. Life Ins. Co. v. Haslip</u>, 499 U.S. 1
(1991) (discussing punitive damages and juries, but <u>not</u> expert
witnesses).  And, though Defendants have provided persuasive

1   authority that certain expert testimony may be inadmissible if it

2   seeks to prescribe methods of calculating damages or if it

3   proposes a range of damages to the jury, Defendants have not

4   cited any binding authority from this District.  Opp'n at 12,

5   citing Voilas v. GMC, 73 F.Supp.2d 452, 464 (D. N.J. 1999).  Even

6   if such authority were before the Court, however, the Court would

7   decline to preemptively rule on the admissibility of Plaintiff's

8   expert testimony before an expert has even been designated.  As

9   such, upon the reopening of discovery, Plaintiff may designate an

10  expert witness in compliance with Fed. R. Civ. P. 26.

11                          III.   ORDER

12       For the reasons set forth above, the Court GRANTS

13  Plaintiff's Motion to Reopen Discovery.  Defendants shall

14  produce, if they have not already, all documents enumerated in

15  their opposition briefing under the section heading, "Additional

16  Production by the Wellpath Defendants."  Opp'n at 4-5.  To the

17  extent that Defendants' production does not satisfy Plaintiff's

18  requested relief, Plaintiff may seek additional discovery in a

19  future motion brought before the assigned Magistrate Judge.

20  Further, the following deadlines are set:

21       1.   Expert disclosures concerning Defendants' financial

22  condition shall be completed by January 20, 2023;

23       2.   Rebuttal expert disclosures concerning Defendants'

24  financial condition shall be completed by February 6, 2023;

25       3.   Close of expert discovery concerning Defendants'

26  financial condition shall be March 31, 2023;

27       4.   Final Pretrial Conference shall be set for May 12,

28  2023, at 10:00 a.m.; and

1      5.   Jury Trial shall be set for June 26, 2023, at 9:00 a.m.

2     IT IS SO ORDERED.

3 Dated: December 6, 2022

4

5                            _____

6                       JOHN A. MENDEZ
                      SENIOR UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28