UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL SCOTT JOHNSON DECEASED, etc., et al., | No. 2:19-cv-1722 JAM DB |
| Plaintiffs, | |
| | ORDER |
| v. | |
| CITY OF REDDING, et al., | |
| Defendants. | |

On June 9, 2023, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's motion to compel. (ECF No. 196.) Attorney Michael Haddad appeared via Zoom on behalf of the plaintiff. Attorneys Paul Cardinale, Peter Bertling, and John Jacobson appeared via Zoom on behalf of defendants. Oral argument was heard and plaintiffs' motion was taken under submission. Having reviewed the parties' briefing and oral arguments, the undersigned will grant plaintiff's motion for the reasons stated in the parties' briefing, at the June 9, 2023 hearing, and below.

////
////
////
////

1

Plaintiff's motion seeks to compel production of essentially two categories of discovery: (1) Plaintiff's requests related to defendants' complete financial records; and (2) Plaintiff's requests for "Bid Packages" with Shasta County.  (JS (ECF No. 196) at 14, 26.)

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).  "The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

With respect to plaintiff's requests for discovery concerning defendants' complete financial records such evidence is relevant and proportional to the needs of plaintiff's case. See Provident Life & Acc. Inc. Co., 32 Fed. Appx. 821, 825 (9th Cir. 2002) ("If the plaintiff fails to present evidence regarding the defendant's wealth, the punitive damages award cannot stand."); Abrams v. Blackburne and Sons Realty Capital Corp., Case No. 2:19-cv-6947 CAS (ASx), 2022 WL 4021734, at *3 (C.D. Cal. Sept. 2, 2022) ("presenting evidence of a defendant's financial condition is a legal precondition for pursuing a punitive damages claim"); Vieste, LLC v. Hill Redwood Development, No. C-09-4024 JSW (DMR), 2011 WL 855831, at *1 (N.D. Cal. Mar. 9, 2011) ("Discovery of Defendants' net worth and financial condition is clearly relevant to the issue of punitive damages.").  The relevance and necessity of this evidence is even greater given the nature of the testimony of defendants' Person Most Knowledgeable, Tabitha Vanns, and the parties' competing financial expert opinions.[1]  (JS (ECF No. 196) at 4-8, ECF No. 201 at 2.)

---

[1] Plaintiff has offered evidence in support of these arguments which has been filed under seal.  At the June 9, 2023 hearing, counsel for defendants acknowledged that Vanns "admittedly could not

With respect to plaintiff's requests for Bid Packages with Shasta County, defendants raised no argument as to this issue at the June 9, 2023 hearing. In the parties' Joint Statement defendants argue simply that "fact discovery has been closed since December 17, 2021." (JS (ECF No. 196) at 28.) As defendants are well aware, however, the assigned District Judge already determined that the undersigned could hear plaintiff's motion to compel. (ECF No. 188 at 2.) In this regard, defendants have failed to offer any substantive opposition to this discovery request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 2, 2023 motion to compel (ECF No. 196) is granted; and
2. Defendants shall produce responsive discovery within seven days[2].

DATED: June 9, 2023                    /s/ DEBORAH BARNES
                                       UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/ johnson1722.oah.060923

---

answer all" of plaintiff's questions related to defendants' financial condition. Because some of that testimony has been filed under seal, the undersigned will not discuss it with specificity. Suffice it to say, the undersigned would certainly agree with defense counsel's statement.

[2] At the June 9, 2023 hearing the undersigned offered defense counsel the opportunity to raise any legal objections in response to plaintiff's discovery requests. The purpose of that prompt was to offer defendants a full hearing as to this discovery dispute. It was not an invitation for defendants to reassert objections asserted here and found lacking, or to raise new objections not previously asserted in responding to plaintiff's requested discovery.